**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HARBORAGE II CONDOMINIUM ASSOCIATION, INC.,**

    **Plaintiff,**

v.                                    **Case No. 8:04-cv-1265-T-17TBM**

**ALLSTATE INSURANCE COMPANY,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Amended Motion to Compel Deposition Testimony and for Sanctions** (Doc. 43),[1] **Defendant's Amended Response and Request for Reconsideration of Motions to Quash/Motions for Protective Order** (Doc. 50), and Plaintiff's response to Defendant's request for reconsideration (Doc. 51). Also before the court are the deposition transcripts of Patrick Laue and Bob Alphin. (Doc. 42).

By its motion, Plaintiff seeks an Order compelling Defendant to reproduce Mr. Laue and Mr. Alphin for deposition, awarding it the fees and costs associated with such as well as the fees and costs associated with their initial depositions, and awarding it the fees and costs associated with its instant motion. Plaintiff contends that the witnesses must be re-deposed primarily in light of Defendant's "broad sweeping interpretation" of the work product doctrine and related objections made at the initial depositions of the witnesses. Defendant

---

[1] Plaintiff's **Motion to Compel Deposition Testimony and for Sanctions** (Doc. 41) is **DENIED** as moot.

argues its objections at both depositions were proper and it urges the court to deny Plaintiff's amended motion, contending that it has not demonstrated the requisite cause to justify the re-depositions of either witness.  Additionally, to the extent that any of the deposition questions posed to Mr. Laue or Mr. Alphin called for information related to alleged bad faith, Defendant requests the court to reconsider its ruling on its prior Motions to Quash and for Protective Order.  In response, Plaintiff argues that the court should deny this request as an improper motion and as untimely.

Upon consideration, **Plaintiff's Amended Motion to Compel Deposition Testimony and for Sanctions** (Doc. 43) is **DENIED.**  While the court finds Plaintiff's complaints concerning defense counsel's expansive view of the protection afforded by the work product doctrine generally well founded, the court can see no useful purpose in ordering the further deposition of either of these witnesses.[2]  As the Defendant here argues and as the

---

[2]The work product doctrine, first established by the Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947), and now codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, provides:
> . . . a party may obtain discovery of documents and tangible things otherwise discoverable . . . prepared in anticipation of litigation or for trial . . . only upon a showing that the party seeking discovery has the substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3); see also Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994). "Documents which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable." Allendale Mut. Ins. Co. v. Bull Data Sys.,

2

depositions demonstrate, these witnesses, subpoenaed (and offered) as fact witnesses, had little, if anything to offer concerning the denial of Plaintiff's claim (stated otherwise, this breach of contract action) regardless of the inappropriate objections as neither was involved in the claims decision and both became aware of the file only after the litigation commenced. Plaintiff does not demonstrate on this motion that a further deposition is necessary to discover any matter that it was prevented from exploring with these witnesses <u>and</u> which is relevant to the claims or defenses in this suit <u>and</u> upon which these witnesses can actually testify. Further, Defendant may properly claim that certain of counsel's questions were properly objected to as they appear beyond the scope of relevant discovery in this breach of contract action.[3] While the court is denying this motion, it should be understood that neither Mr. Laue nor Mr. Alphin should be permitted to testify at a trial in this cause on any matter that they

---

Inc., 152 F.R.D. 132, 136 (N.D. Ill. 1993). Additionally, documents that would have been prepared whether or not an attorney was sent a copy are not protected from disclosure on the basis of the work product doctrine. <u>Freiermuth v. PPG Indus., Inc.</u>, 218 F.R.D. 694, 700 (N.D. Ala. 2003). The party resisting discovery has the burden of establishing the applicability of the work product doctrine. <u>Id.</u>; <u>Auto Owners Ins. Co. v. Totaltape, Inc.</u>, 135 F.R.D. 199, 201 (M.D. Fla. 1990). Counsel Teebagy's claim of work product privilege to "anything after suit is filed" evidences either a lack of understanding of the privilege or an attempt to thwart the discovery process. Here, the inappropriate assertions of the privilege were harmless.

[3]This conclusion should not be read to suggest the court approves of Mr. Teebagy's instructions to the witnesses that they not answer questions he deemed irrelevant. Again, his conduct reflects a lack of knowledge of the federal rules. The provisions of Fed. R. Civ. P. 30(d)(1) sanction such a practice, in these circumstances, only to permit counsel to "present a motion under Rule 30(d)(4)." No such motion has been presented, although Defendant now attempts to rely upon an earlier motion for protective order to cover for this lapse. Were this practice not harmless here, it would merit sanctions.

were prevented from testifying about at the deposition because of counsel's improper objections.

Defendants's request for reconsideration of earlier motions to quash and for protective order (Doc. 50) is **DENIED**. As the court file reflects, these motions were denied. without prejudice, in part because counsel had agreed to go forward with the depositions. If Defendant believes a protective order is now required, counsel should file a new motion.

**Done and Ordered** in Tampa, Florida, this 1st day of December 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record